CASE 36—PETITION ORDINARY—JUNE 25.

# Williams, &c., vs. Martin.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

M. held a note on C. and his two sureties. It was agreed that C. might have further indulgence by giving a new note with the same sureties. A new note was given, signed by but one of the sureties. In an action on that note, judgment by default was rendered against the principal, but it was adjudged not obligatory on

either of the sureties. *Held*—1st. That the sureties were liable upon the old note, and were estopped from denying that the new note was ever obligatory; 2d. That the judgment against the principal in the former suit did not release or impair the liability of the sureties on the old note.

J. RICKETTS for appellant.

B. E. PITMAN for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee held a note on Clark as principal and appellants sureties. Clark desired to renew the note with the same sureties and get further indulgence, to which Mrs. Martin assented, and sent an agent with the note to be surrendered on getting the new note. Clark and Williams signed the new note, and assured the agent that Eaves would also sign it; whereupon the agent surrendered the old note to Clark, with the understanding that Eaves was to sign the new note, and that he was to present it to him for that purpose.

The agent misplaced the note, and Eaves never did sign it.

Mrs. Martin brought suit on it as a lost note. Clark let judgment go against him by default, but Williams answered, averring that he did not deliver the note as a complete binding obligation, but it was delivered to Mrs. Martin's agent with the agreement that he was to get Eaves to sign it, as Eaves was co-surety with him in the old note. He therefore denied his responsibility, made his answer a cross-petition against Eaves, setting out his joint liability on the old note, and seeking to hold him responsible because thereof. Eaves answered, denying he ever signed this note, or was in any manner responsible on it.

The cause was submitted to the circuit judge, who dismissed plaintiff's petition against Williams, and his cross-petition against Eaves.

Mrs. Martin then brought this suit on the old note, setting out the proceedings in the other case and averring the facts, and sought to hold Williams and Eaves responsible thereon. This they resisted because of the other note, and the extension of time to the principal in consideration of usury, and because she had obtained judgment against Clark, and had execution levied on his property still undisposed of.

This cause was also submitted to the circuit judge, who gave judgment against the sureties on the old note for its amount, which they seek to reverse, but which we think should be affirmed.

In Donaphon vs. Gill (1 *B. M.*, 199) this court held, in an action of assumpsit brought on the original consideration, that a party who had plead *non est factum* to a suit brought on the note executed as evidence of the debt, was estopped from setting up that the original consideration was merged by the execution of the note. So we think these appellants are estopped from denying that the new note was ever an obligatory contract, or in any manner discharged the old note. The agent transcended his authority when he surrendered it without getting a new note with the same parties to it. But were this not so, the surrender was without consideration, and in nowise discharged it.

The judgment and execution against Clark, and the levy on his property, in nowise injured appellants; indeed, was beneficial to them, and could in no sense discharge them from their obligation to pay this debt.

As the second note was adjudged not to bind either of the sureties, and this by their procurement, it results that they are also estopped to set up any suspension of the right of action on the first note, or any indulgence contracted to be given to their principal by reason thereof.

Clark does not complain of the judgment rendered against him, by default, in the first suit; and, as these appellants are only adjudged to pay the amount of the first note in this suit, we cannot see how they are injured, or why they should complain. If the amount adjudged against them should be collected on the judgment against their principal, it would discharge them, and it will be a discharge *pro tanto* for the amount which may be collected.

Wherefore, the judgment is affirmed.